JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E2 FASHION, INC., ) | CASE NO. CV 18-10676-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| v. ) | |
| ) | |
| CATLIN SPECIAL INSURANCE ) | |
| COMPANY; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Motion to Remand, filed on January 8, 2019. (Dkt. No. 11). Having been thoroughly briefed by the parties, this Court took the matter under submission on January 29, 2019.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. §1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). The removing party must prove its jurisdictional allegations by a preponderance of the evidence. *Id.* at 567. Courts "may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists…."

*Jankins v. Wells Fargo Bank, N.A.*, No. CV 17-00887 BRO (AJW), 2017 WL 1181562, at *3 (C.D. Cal. March 29, 2017). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108-09 (1941)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

This is a breach of contract case in which Plaintiff E2 Fashion, Inc. ("Plaintiff"), the insured, asserts that Defendants Catlin Special Insurance Company, Inc. and XL Specialty Insurance Company ("Defendants") failed to provide policy benefits on a claim made by Plaintiff regarding an injury to one of Plaintiff's customers, Angela Doo-Ri Kim, during a skincare treatment provided by Eda Skin & Body, a business operated by Plaintiff. Plaintiff seeks general and special damages based on the alleged breach of insurance contract, as well as punitive damages and attorneys' fees.

Here, Plaintiff contends that both complete diversity of citizenship and the amount in controversy of over $75,000 are lacking and that, therefore, this court lacks diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff contends that, for purposes of diversity of citizenship, Defendant Catlin is a citizen of the state of California based on § 1332(c)(1)(A), which provides that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of…every State and foreign state of which the insured is a citizen." This exception to the general rule regarding citizenship of an insurance company does not apply here because this is not a "direct action" within the meaning of the statute. A direct action is one brought by an injured third-party against another's insurer. *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 901-02 (9th Cir. 1992). "A bad faith action by an insured against its own insurer is clearly not a 'direct action' as defined by *Beckham*." *Kimball Small Properties v. American Nat. Fire Ins. Co.*, 755 F. Supp. 1465, 1467 (N.D. Cal. 1984). Here, we have a suit

by insured against insurer alleging breach of contract and bad faith. Therefore, § 1332(c)(1)(A) does not apply, and complete diversity of citizenship is satisfied.

In addition to complete diversity of citizenship, a prerequisite to diversity jurisdiction is that the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the Complaint does not plead a specific amount of damages, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy" exceeds the jurisdictional threshold amount. Punitive damages recoverable under a complaint are included in calculating the jurisdictional amount. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). A potential award of attorneys' fees is also taken into account. *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). Even considering these damages and fees, however, Defendants have not met their burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000.

Defendants' conclusory statements that "Kim has had to make numerous doctor appointments due to the injuries she sustained to her face and has missed out on many work opportunities in her career as a model and actress," are not corroborated by any evidence other than Kim's complaint in her related state court action. Plaintiff's attorney similarly has made conclusory statements—particularly his opinion, based on his experience and knowledge of the case, that Kim's claim is worth approximately $25,000 and no more than $50,000. However, it is Defendants' burden, not Plaintiff's, to establish the amount in controversy. Moreover, Plaintiff has provided the Court with an email from defense counsel in the related state case containing an itemized list of expenses incurred by Kim as of October 16, 2018. That email lists medical expenses totaling $1,065.78. While this evidence is clearly insufficient to establish the amount in controversy by itself, it is the only attempt by either party to provide the Court with a damages figure not based on speculation. Defendants have not provided evidence of additional medical expenses or other damages.

Assuming the above figure is accurate, Defendants must rely on general damages (i.e. pain and suffering, lost wages, emotional distress, etc.), punitive damages, and attorneys' fees to reach the amount in controversy requirement. Defendants have provided no direct evidence on such

damages, and there is no reasonable basis for inferring that they will be so substantial as to cause the amount in controversy to exceed $75,000. With respect to punitive damages, constitutional due process requirements typically limit such awards to a single-digit ratio of punitive to compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). A ratio of 9:1, using $1,065.78 as the compensatory damages figure, yields a potential punitive damages award of $9,592.02. There is nothing in this case to suggest that it would be more appropriate to use a larger multiplier. The amount of compensatory damages potentially at stake may of course exceed $1,065.78 with the addition of pain and suffering, lost wages, and emotional distress damages; however, the Court would merely be speculating if it were to estimate such damages. The same is true of attorneys' fees; neither party has presented evidence of fees incurred up to this point or even a reasonable estimate of Plaintiff's anticipated fees, so any estimate by the Court would be purely speculative. While an award of attorneys' fees setting the amount in controversy over $75,000 is possible, it is not "more likely than not."

In sum, Defendants have not met their burden of proving by a preponderance of the evidence that the $75,000 amount in controversy requirement has been met. The removal statute is to be strictly construed in favor of remand, and there is a strong presumption against removal jurisdiction. Defendants have failed to rebut this presumption; therefore, this Court lacks subject matter jurisdiction, and the case must be remanded to state court.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED. (Dkt. No. 11).

Dated: February 12, 2019.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE